WO                                                                                                         JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey Daniel Eden, | No. CV 21-00333-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Home Depot USA, et al., | |
| Defendants. | |

On February 24, 20201, Plaintiff Casey Daniel Eden, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint. Plaintiff did not pay the filing and administrative fees for this case or file an Application to Proceed In Forma Pauperis. In a March 1, 2021 Order, the Court gave Plaintiff 30 days to pay the administrative and filing fees or file an Application to Proceed In Forma Pauperis.

On March 9, 2021, Plaintiff filed a letter (Doc. 4) addressed to the undersigned.

**I.     Plaintiff's Letter**

In his letter,[1] Plaintiff states that the jurisdictional basis for his Complaint is 28 U.S.C. § 1331, not 28 U.S.C. § 1983, as the Court had noted in the March 1, 2021 Order. Plaintiff requests that the Court change the basis for the Court's jurisdiction over this case

---

[1] It is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Plaintiff.

**JDDL**

to 28 U.S.C. § 1331 because he is alleging that a private corporation infringed his constitutionally guaranteed rights.

Plaintiff did indicate on the Complaint that the basis for this Court's jurisdiction is 28 U.S.C. § 1331, rather than 42 U.S.C. § 1983.  Plaintiff sues Home Depot USA and a Home Depot employee and seeks only money damages.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 1331 "provides jurisdiction for the exercise of the traditional powers of *equity* in actions arising under federal law.  No more specific statutory basis is required." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) (emphasis added); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) (recognizing the "jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution").  Therefore, Plaintiff may not sue a private corporation and a private person for money damages pursuant to 28 U.S.C. § 1331.  *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (refusing to impose liability for money damages in a federal cause of action against private prison); *Minneci v. Pollard*, 565 U.S. 118 (2012) (extending *Malesko* to suits for money damages against private employees of private corporations under 28 U.S.C. § 1331).

To the extent that Plaintiff seeks any relief in his letter, it will be denied.  If Plaintiff wishes to amend his claims, he may only do so, at this time, by filing an amended complaint, not by filing a letter.  Plaintiff is reminded that he has 30 days from the March 1, 2021 Order to pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis.

**II.     Warnings**

       **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the March 1, 2020 Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's letter (Doc. 4), to the extent that it seeks any relief, is **denied**.

Dated this 15th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

JDDL