WO                                                                                          JL

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Casey Daniel Eden, | No.  CV 21-00333-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Home Depot USA, et al., | |
| Defendants. | |

Plaintiff Casey Daniel Eden, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing and administrative fees.  The Court will dismiss the Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## II.    Discussion of Complaint

In his Complaint, Plaintiff sues Home Depot USA and Peter Buckles.  Plaintiff asserts claims of false arrest, false imprisonment, violation of his right to privacy, and defamation.  He seeks monetary relief.[1]

---

[1] Plaintiff is awaiting trial in Maricopa County Superior Court on several charges, including a charge of a dangerous drug violation, with a crime date of February 1, 2020. *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2020-104914 (last accessed Apr. 15, 2021).

**A.     Plaintiff's Allegations**

On February 1, 2020, Defendant Buckles called 9-1-1 and "falsely reported a misdemeanor," knowing his report to be false.  Defendant Buckles "summoned police officers to, in essence, arrest a shoplifter."  Defendant Home Depot employs Defendant Buckles to detect shoplifters and protect Home Depot's assets.  Defendant Buckles told officers upon their arrival that he had observed Plaintiff conceal a pair of work gloves in the inside breast pocket of his coat, which, according to Plaintiff, was a "d[e]liberate and complete lie."  Plaintiff asserts he "never gave anyone reason to believe" he had concealed any store merchandise on his person.  Defendant Buckles told the officers that he wanted Plaintiff to be arrested and prosecuted for shoplifting.  Defendant Buckles led the police to Plaintiff and "caused the police to illegally arrest [him]."  Based solely on Defendant Buckles's word and without any evidence, investigation, or probable cause, the police placed Plaintiff "under a de facto arrest."

The officers "compelled" Plaintiff to go with them to a back room in the Home Depot store.  Plaintiff was illegally confined, without probable cause and against his will, and confronted by two police officers, who stood in the only doorway to "block any attempt at escape."  To this point, Plaintiff had continuously asked why he was being harassed and what was going on, but "[n]obody would answer any of [his] questions."  Once inside the back room, the officers told Plaintiff that Defendant Buckles had summoned them and told them that he had seen Plaintiff conceal a pair of work gloves in the inside pocket of his coat.  Plaintiff's coat did not have inside pockets.  He immediately took off his coat and handed it to the officers to search.  Plaintiff also lifted up his shirt and turned all the way around, ran his fingers all the way around the inside of his waistband, and stretched his pockets across his thighs to show there were no "significant lumps or bulges" in his pockets that could be mistaken for store merchandise.  According to Plaintiff, this immediately and unquestionably dissipated any reasonable suspicion or probable cause and dispelled any notion that he had shoplifted.  Plaintiff asserts that at this point, he had the absolute right to be released without further delay, and Defendant Buckles and the officers had absolutely

no authority to continue this "illegal seizure." Plaintiff asked if he could leave, and the officer told him, "No" and to sit down.

Instead of releasing Plaintiff, the officer "started conducting an illegal custodial interrogation." The officer asked Plaintiff for his name and date of birth. Plaintiff answered the officer, and the officer "then began a new and completely unrelated investigation" into whether Plaintiff had any outstanding warrants for his arrest. Plaintiff's name apparently "matched up" with another individual in Kansas who had a warrant for his arrest. The officers formally arrested Plaintiff, although Plaintiff told them that there must be some kind of mistake or mix-up. The officers refused to verify Plaintiff's identity or "investigate this in any way even though they knew they were supposed to."

Plaintiff was booked into jail and remained for 30 days while Kansas notified Arizona that he was not the person named in the warrant. Plaintiff claims "[t]his was all a direct result of" Defendant Buckles calling 9-1-1 to falsely report a crime that never occurred. Plaintiff asserts that but for Defendant Buckles summoning police officers to arrest him, deliberately lying to the police, and requesting, encouraging, and insisting that Plaintiff be arrested and prosecuted, "none of this would have ever happened." Thus, Plaintiff contends, Defendant Buckles's false accusations were the cause of the police illegally arresting Plaintiff, and Buckles therefore "also caused all of the other violations of [his] rights."

As his injury, Plaintiff claims he was illegally arrested; his rights were violated; he was scared, humiliated, and publicly disgraced; and he suffered an anxiety attack, severe mental stress, and psychological trauma and damage.[2]

. . . .

. . . .

_____

[2] Plaintiff also alleges the police used excessive force while placing him under formal arrest by "cinch[ing] the handcuffs" on his wrists "much too tightly," which caused a small but deep cut that resulted in a permanent scar on Plaintiff's right wrist. It also caused bruising that remained for approximately two weeks. Plaintiff's pinky finger below the scar tingles intermittently, and a muscle in his forearm close to the scar constantly spasms.

**B.     Analysis**

    **1.     Constitutional Claims**

        **a.     Jurisdiction under § 1331**

Plaintiff identifies the basis for the Court's jurisdiction over the Complaint as 28 U.S.C. § 1331.   Under § 1331, a federal district court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."   Section 1331 "confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).   Thus, Plaintiff must assert a cause of action that presents a federal question.

Moreover, Plaintiff may not seek money damages against private corporations or employees of private corporations pursuant to § 1331. *See Correctional Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that a plaintiff could not maintain an action for money damages against a privately operated federal prison); *Minneci v. Pollard*, 565 U.S. 118 (2012) (extending *Malesko* to private employees of privately operated federal prison). Thus, Plaintiff's claims do not confer jurisdiction pursuant to § 1331.

Although the Constitution regulates only the government, in certain circumstances, a litigant may seek damages under 42 U.S.C. § 1983 from a private party based on a violation of a constitutional right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999). Thus, the Court will construe Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983.

        **b.     42 U.S.C. § 1983**

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *see also Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989) (the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful").

1       "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the

2   exercise of some right or privilege created by the State or by a rule of conduct imposed by

3   the State or by a person for whom the State is responsible,' *and* that 'the party charged with

4   the deprivation must be a person who may fairly be said to be a state actor.'" *Am. Mfrs.*,

5   526 U.S. at 50 (quoting *Lugar*, 457 U.S. at 937).  "[S]tate action may be found if, though

6   only if, there is such a 'close nexus between the State and the challenged action' that

7   seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood*

8   *Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting

9   *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

10       The Court "start[s] with the presumption that private conduct does not constitute

11   governmental action." *Sutton*, 192 F.3d at 835.  "[F]or private conduct to constitute

12   governmental action, 'something more' must be present." *Id.* (quoting *Lugar*, 457 U.S. at

13   939).  To determine whether "something more" is present, the Court must first identify "the

14   specific conduct of which the plaintiff complains," paying "careful attention to the

15   gravamen of the plaintiff's complaint." *Am. Mfrs.*, 526 U.S. at 51.  "Whether such a 'close

16   nexus' exists ... depends on whether the State 'has exercised coercive power or has

17   provided such significant encouragement, either overt or covert, that the choice must in

18   law be deemed that of the State.'" *Id.* at 52.  Conduct "by private entities with the mere

19   approval or acquiescence of the State is not state action." *Id.*

20       The specific conduct of which Plaintiff complains is Defendant Buckles's call to

21   9-1-1, alleged false report that Plaintiff had shoplifted, and insistence that Plaintiff be

22   arrested and prosecuted.  First, although it is unclear from the Complaint whether Plaintiff

23   had any interaction with Defendant Buckles before Buckles called the police, Plaintiff's

24   allegations indicate that before the officers arrived, Plaintiff was free to leave the store.

25   *See Evans v. Valero Energy Corp.*, No. CV F 07-0130 AWI SMS, 2007 WL 707529, at *2

26   (E.D. Cal. Mar. 6, 2007) (noting there was no allegation that private employee seized,

27   detained, arrested, or performed any other act that could be interpreted as impinging the

28   plaintiff's Fourth Amendment rights).  Plaintiff also has not alleged facts to support a

conclusion that the officers "failed to use independent judgment or in any way coerced" Defendant Buckles to press charges against Plaintiff, or that Buckles questioned him pursuant to a governmental request or for any governmental purpose. To the contrary, Plaintiff alleges that the officers questioned him at Defendant Buckles's request. *See Collins*, 878 F.2d at 1155 (finding no state action where impetus for arrests came from private employees and not police officers). Following Defendant Buckles's account of the alleged shoplifting to the officers, the officers made the subsequent decisions to locate Plaintiff in the store and detain, question, and arrest him. Thus, there is not a "sufficiently close nexus between the State" and Defendant Buckles's challenged action, and that conduct is therefore not fairly attributable to the State. *See Blum*, 457 U.S. at 1004-05.

Moreover, even if Defendant Buckles demanded that the officers arrest and charge Plaintiff, a request to arrest someone who had potentially committed a crime does not make Buckles a state actor. "[M]erely complaining to the police does not convert a private party into a state actor. Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." *Collins*, 878 F.2d at 1154 (internal citations omitted); *see also Cox v. Duke Energy Inc.*, 876 F.3d 625, 633 (4th Cir. 2017) (noting that allegation that private employees "provided misinformation does not make the employees state actors, any more than would a witness's erroneous report to police of the license number of a vehicle fleeing a bank robbery"). Although the officers determined later that Plaintiff had not committed shoplifting, at the point where Defendant Buckles's involvement, aside from his presence, ended—when the officers directed Plaintiff to go to the back room of the Home Depot store—the officers did not know whether Plaintiff had committed shoplifting, as Buckles had asserted.

To the extent that Plaintiff intends to allege that Defendant Buckles conducted a citizen's arrest of Plaintiff, that conduct also does not amount to state action. In *Collins*, the Ninth Circuit concluded that where a § 1983 claim was based on a citizen's arrest carried out by a private individual, the first prong of the *Lugar* test was not satisfied because the claim depended on the violation of the citizen's arrest statute. The court concluded that

where the theory of constitutional injury is an improper citizen's arrest by a private individual, there is no state action, and therefore the alleged § 1983 claim must fail.

For the foregoing reasons, Plaintiff has failed to state a constitutional claim against Defendants Home Depot and Buckles, and the Complaint will be dismissed. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that amendment would be futile because Plaintiff cannot allege facts that would state a constitutional violation by Defendants. As another court in this Circuit observed in a similar case, "it is clear that Plaintiff's claim of violation of a constitutional right is based on his alleged arrest. In this regard, there are only two possibilities; either Plaintiff means to allege that [a private employee] carried out a citizen's arrest on Plaintiff, or Plaintiff alleges [the employee] did not carry out the arrest but merely called the police. In either situation, the action Plaintiff alleges is private action." *Valero*, 2007 WL 707529, at *4. Accordingly, the Complaint will be dismissed without leave to amend.[3]

## 2.   State Law Claims

To the extent that Plaintiff asserts state-law claims against Defendants, the Court declines to exercise supplemental jurisdiction over the state-law claims because the federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline

---

[3] The Court notes that Plaintiff has filed a separate civil rights Complaint in this Court against the officers who arrested him. *See Eden v. Chopra*, CV 21-00305-PHX-MTL (ESW) (D. Ariz. 2021). Plaintiff may not maintain simultaneous civil rights lawsuits for claims arising out of the same events. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). Thus, the Complaint in this case is also subject to dismissal as duplicative of CV 21-00305.

jurisdiction over state law claims and dismiss them without prejudice).  Thus, the Court will dismiss without prejudice Plaintiff's state law claims.

For the foregoing reasons, the Court will dismiss the Complaint and this action.

**IT IS ORDERED:**

(1)      The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)      The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)      The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 20th day of April, 2021.

Michael T. Liburdi
United States District Judge